## WID J. PAINTER v. HUDSON TRUST COMPANY.

Decided November 24, 1924.

**Negligence—Personal Injury—Plaintiff, an Employe of an Independent Employer, was Injured While Working on Defendant's Property—Case Went to Jury on Apparently Erroneous Instruction, Whether Plaintiff was Invitee or Licensee, and was There Decided Against Clear Weight of Evidence in View of Instructions—Verdict Must Therefore Be Set Aside on Theory That If Judgment Cannot be Supported on Theory Upon Which Presented it Must Be Set Aside.**

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the rule, *McDermott, Enright & Carpenter.*

*Contra, William E. Sewell.*

PER CURIAM.

This was an action for personal injuries. The trial resulted in a verdict in favor of the plaintiff. Thereupon a rule to show cause why this verdict should not be set aside was granted by the trial judge, and we are now asked to make that rule absolute.

The plaintiff was a foreman employed by the New York Telephone Company. On the day of the accident, he, with two assistants, was sent by his employer to cut the telephone cable that entered the building of the Hudson Trust Company, in West Hoboken. The proofs showed that the trust company was building a new banking house on its land, in unites; that is, a part of the new structure was erected while business was being carried on in the old. The plan was that when the new unit was finished the business should be transferred from the old to the new structure, the old building demolished and the remainder of the new banking house erected upon the land where the old building had stood, so that when the whole improvement was completed there would be a single building for the carrying on of the defendant's business. The new unit had been completed; the trust company had removed from the old building into the new, and then sent word to the telephone company, requesting a telephone service to be installed in the new unit. This was done, and after the work of installation was finished the cable into the old building was ready to be cut, and the plaintiff and his assistants went to the old building for that purpose. They used an extension ladder to reach the point where the cable entered the building, which point was up near the roof and almost immediately alongside a ventilator, which was one of several that had been placed in the outside wall of the old building many years before. While they were raising the ladder, the ventilator, which was made of iron, fell out of the wall, down to the street, and struck the plaintiff, seriously injuring him. The contention of the plaintiff was that this ventilator fell without anything occurring to disturb it in its position, while the defendant claimed that it fell be-

cause the ladder which was being raised struck against it. The trial court charged the jury that the plaintiff was not an invitee, but a mere licensee, and that, consequently, if the ventilator fell because the ladder was pushed against it, the plaintiff could not recover. The verdict of the jury, being in favor of the plaintiff, carried with it, by necessary implication, a finding that the fall of the ventilator was not caused by the ladder coming in contact with it. Our examination of the testimony satisfies us that this implied finding is against the clear preponderance of the evidence, and that the virdict cannot be justified under the charge of the court. The trouble with the case, however, is that the charge erroneously limited the obligation of the defendant to that of a mere licensor, while, under the undisputed facts of the case, the duty imposed upon it with regard to affording protection to the plaintiff, while engaged in his work, was that imposed upon a person who invites another upon his premises to perform some act for his benefit. The defendant company had asked the telephone company to install a telephone service in the new unit; and this included, as we think, the removal of the old service from the building that was about to be torn down. It was in compliance with this request that the plaintiff was present at the place of the accident. Being an invitee, it is quite immaterial whether the ventilator fell because of the ladder being pushed against it or for some other reason; for, clearly, if the attachment of the ventilator to the wall had become so insecure that it was a menace to the safety of anybody engaged in removing the old telephone service, the defendant company was plainly negligent in permitting such a condition to exist.

But, although the case was left to the jury under an erroneous instruction as to the law which was manifestly injurious to the plaintiff, we are reluctantly compelled to set aside the verdict because of the plain disregard of that instruction by the jury; for it is entirely settled that, unless a verdict can be supported upon the theory of the law on which the case was submitted to the jury, it must be set aside. *Sensfelder*

v. *Stokes*, 69 *N. J. L.* 86; *Fritz, Administratrix,* v. *Sayre & Fisher Co.*, 77 *Id.* 236; *Queen* v. *Jennings,* 93 *Id.* 353.

The rule to show cause will be made absolute.