CHICHAS, APPELLANT, v. FOLEY BROTHERS GROCERY CO. ET AL., RESPONDENTS.

(No. 5,711.)

(Submitted May 23, 1925. Decided June 22, 1925.)

[236 Pac. 361.]

*Personal Injuries—Warehouses—Unguarded Elevator Shaft— Negligence—Duty of Owner to Invitee.*

Personal Injuries—Warehouse—Duty of Owner to Invitee.
  1.  A merchant who maintains warerooms for the exhibition and sale of goods impliedly solicits patronage, and one who accepts the invitation is not a trespasser nor a mere licensee, but an invitee who is rightfully on the premises, and the owner owes to him the duty of keeping the floors, elevators, *etc.*, in a reasonably safe condition.
Same—Extent of Duty of Owner of Warehouse to Invitee.
  2.  The duty of a proprietor of premises to exercise reasonable care towards the safety of an invitee applies only to that portion to which the invitee would be likely to go, and in the case of a business invitee only to such parts of the building as are used for the actual conduct of the business, and the use of the premises by the invitee

———————

1. Distinction between licensee and invitee, see note in Ann. Cas. 1913C, 570. See, also, 20 R. C. L. 55–57, 66.
2. See 20 R. C. L. 67.

must be to advantage of the inviter or to the mutual advantage of both parties.

Same—Unguarded Elevator Shaft — Negligence—Liability of Owner of Premises.

3. Where a storekeeper in entering a warehouse of defendant, a wholesale dealer, for the purpose of purchasing supplies on defendant's special invitation, fell into an unguarded elevator shaft while proceeding along a passageway not well lighted, he was an invitee, to whom defendant was liable in damages for neglect of its duty to exercise reasonable care to avoid injuring him.

Same—Negligence—When Jury Question.

4. If the issue of negligence or contributory negligence is a fairly disputed question of fact, it must be resolved by the jury; but if the evidence is perfectly clear, it is to be decided by the court.

---

·Negligence, 29 **Cyc.**, p. 453, n. 86; p. 454, n. 88; p. 455, n. 2; p. 458, n. 32, 35; p. 628, n. 41; p. 629, n. 45; p. 632, n. 47; p. 633, n. 60. .

*Appeal from District Court, Yellowstone County; Robert C. Stong, Judge.*

ACTION by Thomas Chichas against the Foley Bros. Grocery Company and another. Judgment for plaintiff. From an order granting defendants' motion for new trial, plaintiff appeals. Reversed and remanded.

*Mr. H. C. Crippen* and *Mr. F. G. Huntington,* for Appellant, submitted a brief; *Mr. Crippen* argued the cause orally.

Citing: *Montague* v. *Hanson,* 38 Mont. 376, 99 Pac. 1063; *Wilsey* v. *Jewett Bros. Co.,* 122 Iowa, 315, 98 N. W. 114; *Christopher Co.* v. *Russell,* 63 Fla. 191, Ann. Cas. 1913C, 564, 565, 58 South. 45; *Pauckner* v. *Wakem,* 231 Ill. 276, 83 N. E. 202; *Shawnee* v. *Drake,* 69 Okl. 209, L. R. A. 1918D, 813, 171 Pac. 727; *Downing* v. *Merchants Nat. Bank,* 192 Iowa, 1250, 20 A. L. R. 1138, 1250, 184 N. W. 722; *Conway* v. *Chas. H. Wood & Co.,* 113· Minn. 476, 129 N. W. 1045; *Gardner* v. *Waterloo Cream Separator Co.,* 134 Iowa, 6, 111 N. W. 316; *Fort* v. *Reid Ice Cream Co.* (N. J.), 119 Atl. 638;

---

3. Liability of proprietor for injury to person other than passenger by elevator, see notes in **Ann. Cas.** 1912D, 531; **Ann. Cas.** 1915B, 572.

*Hamilton* v. *Taylor*, 195 Mass. 68, 80 N. E. 592; *Kress Co.*
v. *Markline*, 117 Miss. 37, 77 South. 858.

*Messrs. Johnston, Coleman & Johnston*, for Respondent,
submitted a brief; *Mr. H. J. Coleman* argued the cause
orally.

It is admitted that plaintiff did not come to the premises
at the express invitation of defendants and, of course, on
the other hand, it must be admitted that coming as he did
to purchase goods he came at its implied invitation; but
it is our contention that such implied invitation was only
one to use the entrance and exit and such portions of the
premises as were provided for customers, and did not in-
clude the privilege of wandering around blindly in the
warehouse of the defendant company. (See *Chattanooga etc.
Co.* v. *Anderson*, 141 Tenn. 288, 210 S. W. 153; *Shaw*
v. *Goldman*, 116 Mo. App. 332, 92 S. W. 165; *Southwest
Cotton Co.* v. *Pope*, 25 Ariz. 364, 218 Pac. 152; *Keeran*
v. *Spurgeon Mercantile Co.*, 194 Iowa, 1240, 191 N. W. 99;
*Wolf* v. *Hotel Operating Associates, Inc.*, 180 N. Y. Supp.
547; *Schmidt* v. *Bauer*, 80 Cal. 565, 5 L. R. A. 580, 22 Pac.
256; *Furey* v. *New York Cent. etc. R. Co.*, 67 N. J. L. 270,
51 Atl. 505; *Rooney* v. *Woolworth*, 74 Conn. 720, 52 Atl. 411,
414.)

Further, even if we were to admit that the plaintiff was
justified in going to the rear door of defendant company's
building, to secure and remove the articles bought by him,
there is not one word in the complaint or in the testimony
of any witness to show that it was necessary for him
to go any place near the elevator shaft in question. The
words used by the court in the case of *Scanlon* v. *United
Cigar Stores Co.*, 228 Mass. 481, 117 N. E. 840, seem to
us to be directly in point. There it is said: "Moreover,
should it be assumed that there was an implied invitation to
enter the cellar to deliver the barrel, it is plain that there

was none to afterward · go about in the darkened cellar in search of a receiving clerk, or to pass through the cellar in a short cut to the store above. (*Cowen* v. *Kirby,* 180 Mass. 504, 62 N. E. 968; *Morong* v. *Spofford,* 218 Mass. 50, L. R. A. 1915B, 387, 105 N. E. 454; *Graham* v. *Pocasset Mfg. Co.,* 220 Mass. 195, 107 N. E. 920.)"

MR. JUSTICE GALEN delivered the opinion of the court.

In this case the plaintiff seeks to recover damages for personal injuries sustained by him in the city of Billings, on December 24, 1923, by reason of falling through an open elevator shaft maintained by the defendants in a building which was occupied by them. By his complaint he alleges both general and special damages aggregating $23,158.67. On issue joined, the case was tried to a jury, which returned a general verdict in plaintiff's favor, assessing his damages at $6,158.67, upon which judgment was duly entered. Upon defendants' motion, a new trial was ordered by the court, and the appeal is from the order.

The only question is whether the court was in error in granting a new trial. The order is predicated upon a determination made by the trial judge that the plaintiff was a licensee upon the defendants' premises at the time of the accident, rather than an invitee. In the condition of the record, we have before us only the abstract proposition as to the defendants' liability to respond in damages in the proper application of the law to the facts. To ascertain the correctness of the court's conclusion, it is necessary to make careful review of all of the evidence. This we have done, and therefrom substantially the following facts appear:

The defendant · company is engaged in wholesale grocery business in `Billings, and Lester G. Punch is its manager in charge. Its business is conducted on Second Avenue

North, in a brick building consisting of a basement, main floor and second floor, wherein a freight elevator is installed and maintained running from the basement to the second floor. To enable the elevator to pass from the basement to the second floor and to be used on the main floor, an opening is provided approximately nine feet square, situated about twenty-seven feet from the rear entrance to the building, and about equidistant from the side walls thereof. At the time of the accident, the elevator shaft was not guarded by a railing or gates, and, although such a safety device was provided, the gates were raised and not in place at the time.

The plaintiff, together with his brother, was, and for a long time had been, engaged in the retail grocery business in the city of Billings, and was a steady customer of the defendants in the purchase of groceries and supplies from them. In his dealings with the defendants he had been accustomed to send an employee with a truck to the defendants' place of business to obtain such groceries and supplies as were needed in his retail establishment from time to time, and, prior to the date of his injury he had never visited the defendants' establishment, although expressly invited by the defendants' manager to call at their place of business. On the morning of December 24, 1923, about 9 o'clock, being in need of supplies, the plaintiff drove an automobile in an easterly direction to the rear entrance of defendants' building and stopped at a platform connected therewith, from which a door provided an entrance into the building; that being the west entrance of the building on the main floor. From his viewpoint as he approached the building he could see no other entrance. He alighted from his automobile, and by means of a plank there provided walked up on to the platform, which was elevated about four feet from the ground, entered the door, and then proceeded forward inside the building, along a passageway between stored

merchandise, which was not well lighted, in ignorance of the existence of the unguarded elevator shaft, into which he fell and dropped a distance of about ten feet to a cement floor in the basement, sustaining very serious bodily injury and shock to his nervous system, which caused him to be confined in a hospital in Billings for a period of two and a half months, and to sell out and discontinue his grocery business.

The office of the defendant company was located on the north side of the building, and there was a cement sidewalk along that side of the building, and trucks or wagons there loaded with supplies were required to back up over the sidewalk. The west or rear entrance of the building was utilized by the company in receiving and discharging freight. Over this entrance there appeared a sign reading, ''Foley Bros. Grocery Co.,'' and there was no other sign by the door indicating to patrons that this entrance was not for use by others than employees of the defendant company. Ninety per cent of the business conducted by the defendant corporation was transacted by telephone orders given or on solicitation of its salesmen, and ten per cent thereof was done at its place of business, where patrons called and made purchases or placed orders for goods in person. One of the employees of the plaintiff, who visited the defendants' place of business almost every day in procuring supplies for the plaintiff, had occasionally used the rear or west door in entering and leaving the building, as did others, without any objection being made at any time by the employees of the defendant corporation.

In this field of the law as to liability for negligence, the [1, 2] decisions are numerous, but in each case the particular fact features control as to the proper category in which it must be placed in application of well-settled principles. The general rule deducible from the authorities, and

of which we voice approval, is clearly stated in 20 R. C. L., p. 66, as follows: ''A merchant or shopkeeper, who maintains warerooms for the exhibition and sale of goods, impliedly solicits patronage, and one who accepts the invitation to enter is not a trespasser nor a mere licensee, but is rightfully on the premises by invitation, and entitled to all the rights of invited persons. The floors and passageways of the building must be kept in a reasonably safe condition, and the same is true of stairways, elevators, doors, windows, and other places and appliances.''

''The duty of a proprietor of premises to exercise reasonable care towards an invitee applies only to that portion to which the invitee, under the circumstances of his invitation, would be likely to go, and, in the case of a business invitee, applies only to such parts of the premises as are used for the actual conduct of the business. The duty does not extend to such parts of a building as are used for the private purposes of an owner, unless the party injured has been induced by invitation or allurement, express or implied, to enter therein. An invitee who enters upon portions of the premises upon which he has no right to enter becomes a licensee, and the only duty owing to him then is to refrain from willful or wanton injury. Whether or not an injury occurred upon the premises covered by an invitation is a question for the jury.'' (19 Cal. Jur., sec. 56, p. 622.)

''The gist of liability consists in the fact that the person injured did not act merely for his own convenience or pleasure, but that an owner or occupant held out an invitation or allurement which led him to believe that the use made by him of the premises was in accordance with intention and design. Likewise, the use of premises by an invitee must be to the advantage of the inviter, or to the mutual advantatge of both parties, for an invitation may not be inferred from the mere permission or habit of an owner

of allowing persons for their own convenience to enter upon and to use his premises.'' (19 Cal. Jur., sec. 54, p. 620.)

''Not only must an owner of land or a proprietor of premises abstain from willfully injuring an invitee, but he owes such person the duty of maintaining his property in a safe condition, and of exercising reasonable care in protecting the invitee from injury through his negligence. Thus an owner may not maintain anything upon his premises in the nature of a trap which would likely injure persons who are there by invitation, nor permit those who have a right to visit the premises to encounter unseen dangers without giving them adequate warning thereof.'' (19 Cal. Jur. 618.)

Over twenty years ago, Mr. Justice Pigott, speaking for this court, well stated the correct principles in determining the liability of the defendants as follows: ''To a naked trespasser or mere licensee by sufferance (if the expression may correctly be used) the land owner owes the duty to refrain from any willful or wanton act causing injury to his person or chattels, and, after discovering that the trespasser is in imminent danger or immediate peril, to use reasonable care to avoid an active cause of injury. (*Egan* v. *Montana Cen. Ry. Co.*, 24 Mont. 569, 63 Pac. 831.) The rule is different in respect of those who go upon property because of the owner's invitation, either express or implied. As to such persons he is bound, at his peril, to use reasonable care and diligence in keeping his property in safe condition. To a mere licensee or naked trespasser the land owner does not owe the active duty of being diligent or using care in providing against the danger of accident. The distinction is well expressed in *Sweeny* v. *Old Colony & Newport R. R. Co.*, 10 Allen (Mass.), 368, 87 Am. Dec. 644: 'All the cases in the books in which a party is sought to be charged on the ground that he has caused a way or other place to be encumbered, or suffered it to be in a dangerous condi-

tion, whereby accident and injury have been occasioned to another, turn on the principle that negligence consists in doing or omitting to do an act by which a legal duty or obligation has been violated. Thus a trespasser who comes on the land of another without right cannot maintain an action if he runs against a barrier or falls into an excavation there situated. The owner of the land is not bound to protect or provide safeguards for wrongdoers. So a licensee who enters on premises by permission only, without any enticement, allurement or inducement being held out to him by the owner or occupant, cannot recover damages for injuries caused by obstructions or pitfalls. He goes there at his own risk, and enjoys the license subject to its concomitant perils. No duty is imposed by law on the owner or occupant to keep his premises in a suitable condition for those who come there solely for their own convenience or pleasure, and who are not either expressly invited to enter, or induced to come upon them by the purpose for which the premises are appropriated and occupied, or by some preparation or adaptation of the place for use by customers or passengers, which might naturally and reasonably lead them to suppose that they might properly and safely enter thereon. * * * The gist of the liability consists in the fact that the person injured did not act merely for his own convenience and pleasure, and from motives to which no act or sign of the owner or occupant contributed, but that he entered the premises because he was led to believe that they were intended to be used by visitors or passengers, and that such use was not only acquiesced in by the owner or person in possession and control of the premises, but that it was in accordance with the intention and design with which the way or place was adapted and prepared or allowed to be so used. The true distinction is this: A mere passive acquiescence by an owner or occupier in a certain use of his land by others involves no liability;

but, if he directly or by implication induces persons to enter on and pass over his premises, he thereby assumes an obligation that they are in a safe condition, suitable for such use, and for a breach of this obligation he is liable in damages to a person injured thereby.' " (*Beinhorn* v. *Griswold*, 27 Mont. 79, 94 Am. St. Rep. 818, 59 L. R. A. 771, 69 Pac. 557.)

The rule was likewise definitely stated and applied by this court in the case of *Montague* v. *Hanson*, 38 Mont. 376, 99 Pac. 1063. A consideration and reference to the abundance of authorities cited by counsel in their elaborate briefs is considered unnecessary in applying the law to the facts in this case. The authorities are entirely in accord upon the proposition that an owner or occupant of lands or buildings, who directly or by implication invites or induces others to go thereon or therein, owes to such person a duty to have his premises in a reasonably safe condition, and to give warning of latent or concealed perils. In the language of Mr. Justice Harlan, the owner is liable to invited persons for injuries "occasioned by the unsafe condition of the land or its approaches, if such condition was known to him and not to them, and was negligently suffered to exist, without timely notice to the public, or to those who were likely to act upon such invitation." (*Bennett* v. *Louisville R. Co.*, 102 U. S. 577, 26 L. Ed. 235 [see, also, Rose's U. S. Notes].)

The plaintiff's purpose in going to the defendants' place **[3]** of business was to purchase merchandise, and he had been given an express, as well as an implied, invitation to visit the defendants' premises. The first place of entrance over which defendants' name appeared, the plaintiff observed was a platform alongside an entrance, and, in the absence of warning of any kind indicating that the door at that point was not for use by the general public, and considering that the building was utilized as a wholesale grocery warehouse, it would seem quite natural that the plaintiff should use such entrance so provided with a platform.

Contributory negligence was pleaded and attempted to be [4] proven by the defendants, but from the evidence it remained for the jury as triers of the facts to determine this issue.

In *Zvanovich* v. *Gagnon & Co.,* 45 Mont. 180, 122 Pac. 272, it is properly said: ''The rule is that, if the issue of negligence or contributory negligence is a fairly disputed question of fact, it must be resolved by the jury; but, if the evidence is perfectly clear, it is for the court. (*Wall* v. *Helena St. Ry. Co.,* 12 Mont. 44–61, 29 Pac. 721.)''

The facts of the particular case are controlling upon the question of negligence and contributory negligence, and the decision thereon is properly within the sphere of the jury, where the facts are in conflict.

It is our view that the plaintiff was an invitee on the defendants' premises. Since the duty devolved upon them in the conduct of their business to keep the entrances and passageways in reasonably safe condition, to protect their customers in going to their establishment to trade, and to exercise ordinary care to avoid accidents and injury to their patrons, and in this instance were derelict in their obligation to the plaintiff, the defendants are responsible in damages for plaintiff's injuries. The court was in error in granting a new trial.

The order is reversed and the cause remanded to the district court of Yellowstone county.

*Reversed and remanded.*

ASSOCIATE JUSTICES HOLLOWAY, STARK and MATTHEWS concur.

MR. CHIEF JUSTICE CALLAWAY, being absent on account of illness and not having heard the argument, takes no part in the foregoing decision.