PERLEY A. ADAMS *vs.* CHARLES S. BARRELL.

York.    Opinion February 19, 1926.

*An owner of premises who engages a person to perform some labor on or about such premises is under the duty of exercising reasonable care to keep the premises reasonably safe for such employee while performing his work.*

In the instant case the evidence convincingly establishes negligence on the part of the chauffeur. He was guilty of that thoughtless inattention which is accepted as the very essence of negligence.

The negligence of the chauffeur was chargeable to the defendant.

The use of a ladder extending over a driveway where more or less passing by vehicles must be anticipated, carries elements of risk, but proof of this fact is not conclusive evidence of contributory negligence, and the verdict should not be disturbed on this ground.

Though the verdict is large it is not so excessive as to warrant interference by the court.

On general motion for a new trial. An action on the case to recover damages for personal injuries sustained by plaintiff while in the

employ of defendant painting the roof of his house, standing on a ladder, when the chauffeur of the defendant backed an automobile owned by defendant, in whose employ he was, against the ladder throwing plaintiff to the ground seriously injuring him. Plaintiff recovered a verdict of $9,667.33 and defendant filed a general motion. Motion overruled.

The case sufficiently appears in the opinion.

*Sewall & Waldron,* for plaintiff.

*Emery & Waterhouse,* for defendant.

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, STURGIS, BARNES, JJ.

STURGIS, J. The firm of Tower & Adams, of which the plaintiff was a member, contracted to repair and paint the defendant's summer residence at York Harbor. The plaintiff worked on the job as a painter.

For access to the roof and support while staining the shingles, the plaintiff placed a ground ladder up across a private driveway leading from the street to the defendant's garage. The foot of the ladder was set out from the house about eleven and one half feet across the driveway close to a hedge, and the top rested upon and projected above the eaves of the house.

On the morning of July 27, 1923, as the plaintiff was standing on this ladder near its top, painting the lower shingles of the roof which he could not reach from his roof ladder, the defendant directed his chauffeur to bring his automobile, which was standing in front of the garage, to the street in front of the house. In response to this summons the chauffeur started the car, and, without warning by word or signal, backed the car out of the driveway, hit the ladder upon which the plaintiff stood, driving it back with sufficient force to throw the plaintiff to the ground thirty feet away. The case is before this court on a general motion by the defendant for a new trial.

The negligence of the chauffeur is clearly established. From his own testimony it appears that he knew the plaintiff's ladder stood across the driveway. He had driven under it several times that morning and the day before, but says each time he gave warning of his approach and received consent to his passage. He says he saw

the plaintiff standing upon the ladder as he started to back the car out, but gave no signal or warning of his intention to drive under the ladder. His explanation is that he thought the plaintiff saw him.

The chauffeur's excuse for hitting the ladder is that he was forced to drive out from the building because of an area opposite the ladder. Measurements, however, refute the claim of necessity, and the jury may well have given credence to the testimony of two witnesses who stated that immediately after the collision the chauffeur said, "I never thought about the ladder being there," and, "I didn't see the ladder until I hit it." We are convinced that the chauffeur was guilty of that thoughtless inattention which is accepted as the very essence of negligence. *Stanwood* v. *Clancey*, 106 Maine, 75; *Towle* v. *Morse*, 103 Maine, 251.

The defendant having invited the plaintiff to come upon his premises to do work upon his buildings was under the duty of exercising reasonable care to keep the premises reasonably safe for the plaintiff while performing his work. The negligence of his chauffeur in this case was the defendant's negligence, and the jury were justified in so finding.

The defendant urges, however, that the plaintiff was himself guilty of contributory negligence. While the use of a ladder extending over a driveway where more or less passing by vehicles must be anticipated carries elements of risk, it is not conclusive evidence of want of due care. Whether the adoption of a dangerous position contributes to an injury, is a question of fact for the consideration of the jury. *Keith* v. *Pinkham*, 43 Maine, 501; *Dirpen* v. *Great Northern Paper Company*, 110 Maine, 374.

The defendant contends that the plaintiff was in a position to see the approach of the backing automobile, and should have retreated to a place of safety. The plaintiff testifies, on the other hand, that the collision of the car and ladder was unexpected and without warning, and he neither saw nor heard the starting or backward movement of the car. Under instructions, which we must assume to be full and correct, this controverted issue of fact was presented to the jury and decided in the plaintiff's favor. We find no sufficient reason for disturbing the verdict on this ground.

The damages awarded are large in amount. The injuries received, however, were serious, involving pain and suffering continued and excruciating. The method of treatment made necessary by the

character of the fracture of the thigh bone involved great physical discomfort.  Hospital and medical  expenses were large, as was the actual loss of wages.  The extent of the permanent disability is somewhat uncertain, but that there is some, cannot be denied.  The plaintiff is a painter and naturally left handed.  His work requires, not only reaching to the side and above, but bending on the knees and in a squat position.  The climbing of ladders is necessary.  His left arm is restricted in. the flexibility of the elbow.  There is a shortening of the left leg, and some lateral curvature of the spine. At forty-three years of age his ability to meet the demands of his trade is thus impaired for the future years of his expectancy.

It is indeed difficult to measure damages for such injuries and losses in dollars and cents, but, "when it appears that the jury have discharged their duty with fidelity, and have reached a reasonable approximation of the damages, the court will not interfere, even though the verdict should seem to them somewhat large." *Felker* v. *Railway & Electric Company,* 112 Maine, 257.

We are not satisfied that the verdict is beyond the bounds of reason, and the mandate must be,

*Motion overruled.*