ABRAHAM SOBEL, RESPONDENT, v. LINCOLN CONSTRUCTION COMPANY, APPELLANT.

Submitted October term, 1933—Decided February 6, 1934.

Before Justices PARKER, LLOYD and PERSKIE.

For the appellant, *Nathan Zinader*.

For the respondent, *Sachs & Sachs*.

PER CURIAM.

Plaintiff's proofs tended to show that he fell over a piece of pipe which extended from a lawn belonging to the defendant over an alley leading to its building. The action was to

recover damages for the injuries received as a result of the fall, and resulted in a judgment in his favor.

At the conclusion of plaintiff's proofs a motion was made for nonsuit and at the conclusion of the entire case a like motion for direction of a finding in defendant's favor was made. Both motions were based on the ground that the plaintiff had failed to show negligence in that neither actual nor implied knowledge was brought home to the defendant. These motions were denied and defendant appeals.

Examination of the proofs convinces us that the learned trial judge fell into error. The facts briefly, as testified by plaintiff, were that in the early morning of September 12th, 1932, he was attempting to deliver milk to the occupants of defendant's building (apparently an apartment house), and as he entered the alleyway leading thereto he fell over a piece of pipe which extended about a foot out into the alley. The case is devoid of proof that this condition was known to the defendant or that it had existed a sufficient length of time to charge the defendant with knowledge.

In this posture of the proofs liability is not shown. Cases establishing this principle are numerous and it is only necessary to refer to *Schnatterer* v. *Bamberger*, 81 *N. J. L.* 558; 79 *Atl. Rep.* 324.

It is argued by respondent that the pipe in question extended into the public highway and that the doctrine of a public nuisance controls. While at one point in his testimony the plaintiff stated that the wire fence surrounding the pipe extended over the sidewalk, he repeatedly stated that the pipe itself extended into the alley, that it was in the alley that the accident happened, and in no part does he state that the pipe or any part of it was in the highway.

If, as seemed to be contended, a different standard of proof would be required if the pipe extended into the highway, we find no evidence to indicate such extension.

The judgment is reversed.