**John H. GOULD, Appellant,**

v.

**Robert L. ARONSON, formerly doing business under the firm name and style of Aronson's Garage, Appellee.**

**No. 17120.**

United States Court of Appeals Ninth Circuit.

May 24, 1961.

Horace J. Dwyer, Anaconda, Mont., and Annon W. May, Tacoma, Wash., for appellant.

Smith, Boone & Rimel, and Russell E. Smith, Missoula, Mont., for appellee.

Before ORR, CHAMBERS and HAMLEY, Circuit Judges.

CHAMBERS, Circuit Judge.

This diversity action involved injuries to Gould when as a business invitee he fell down a stairs in Aronson's public garage in Libby, Montana. Trial was without a jury and at the conclusion thereof the district judge found the defendant to have been negligent as a matter of fact. Further, he held that as a matter of law the plaintiff was guilty of contributory negligence which barred recovery. However, there was a legal hedge in that the judge also made an alternative finding that, if the contributory negligence was not there as a matter of law, it was there as a matter of fact.

We do not have full confidence that according to the Montana decisions there was contributory negligence as a matter

of law, but because of the alternative finding of fact, we shall not reach the question as one of law.*

The plaintiff-appellant wobbled back and forth in his post-accident statement, in his pre-trial deposition, and on the stand at the trial as to how far the door at the head of the stairs (down which he fell) was open as he approached it   But it is agreed, open or shut, that the view inside the door and down the steps was one of darkness.   The court specifically found the door (leading to the stairs) was open.   We think this must be taken to mean substantially open and inconsistent with merely being ajar.   As such, there was not less than a mixed question of law and fact to be resolved by the trier of fact.   And, as such we should not disturb the ultimate finding of contributory negligence.

The plaintiff suggests that the findings fall short of holding that the contributory negligence was a proximate cause. But taking the findings and conclusions together there was clearly such a finding.

██  The court rejected evidence of certain precautionary steps taken by defendant after the accident to prevent a recurrence. We doubt if such were admissible, but if they were, no harm was done by exclusion because the court found that defendant was negligent and such negligence was a proximate cause.

██  Plaintiff makes some point now of wantonness on defendant's part.   Defendant says the assertion thereof was introduced too late below.   However, we shortly answer the question by saying, in view of our examination of the record, if there had been a finding of wanton negligence, we would have to set it aside as clearly erroneous.   There was ample evidence from which a trier of fact could find ordinary negligence, but we do not believe that the trier of fact could find wanton negligence on defendant's part.

* The trial court relied heavily on Zvanovich v. Gagnon & Co., 45 Mont. 180, 122 P. 722.   The plaintiff cites among others:   Chichas v. Foley Bros. Grocery

██  In disappointment over losing, some things are said by appellant's counsel in their brief that are a little harsh. We have the utmost sympathy for the plaintiff, who appears to have been seriously injured.   Maybe unknowingly we let sympathy carry us some places we shouldn't, but we just can find no basis to hold as a matter of law that the trial court had to find for the plaintiff.

The judgment is affirmed.

Co., 73 Mont. 575, 236 P. 361; and McCulloch v. Horton, 102 Mont. 135, 56 P.2d 1344.