CECILIA HOLLAND, Plaintiff and Cross-Appellant, *v.* JOAN KONDA, Defendant and Appellant, and ROBERT A. KAIGHN, Defendant and Respondent.

No. 10552

Submitted June 3, 1963. Decided September 5, 1963.

Rehearing denied October 9, 1963.

385 P.2d 272

David L. Holland (argued), Robert J. Holland, Butte, for cross-appellant.

Rex F. Henningsen (argued) Butte, for appellant.

James A. Robischon (argued) Butte, for respondent.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

This is an appeal by the defendant, Joan Konda, from a judgment in favor of the plaintiff, Cecilia Holland, and the defendant Robert A. Kaighn. There is also a cross appeal by plaintiff Holland against the defendant Kaighn.

The essential facts are these: On September 24, 1961, the plaintiff went out riding with her friend the defendant Joan Konda. Plaintiff was seated in the front seat alongside de-

fendant driver, and in the back seat were Miss Konda's brother and his friend. While headed out of Butte up Woodville Hill on Highway No. 93, they came upon a string of five cars also going up hill. Upon reaching the crest of the hill, defendant Konda attempted to pass the string of cars. Testimony as to whether she sounded the horn as she attempted to pass is conflicting. Co-defendant Kaighn, one of the drivers in the string of five cars, also pulled out to pass the cars as they reached the crest at the same time Konda was attempting to pass. Both the plaintiff and defendant Konda testified that they saw no signal from the Kaighn car prior to his pulling out of the line of cars. Kaighn testified he did put his turn signals on before pulling out.

Defendant Konda stated that she was traveling at this moment about sixty-five miles per hour. She said she could not turn to her right because she would have hit the fourth car in the string and that she could not go straight ahead because she would have hit Mr. Kaighn's car, so she stepped on her brakes and turned left onto the shoulder of the highway. Up to the time she passed the Kaighn car she stated that she had the car under control, but that just as she got past him, the car went out of control. She further testified that after losing control of her car, the vehicle cut across the highway, went off the east shoulder of the road, down an embankment through a fence and out into a field where it rolled over several times. The Konda car never collided with the Kaighn car for as she turned left onto the shoulder of the road, Kaighn then veered back to his right. Kaighn's testimony reveals that he knew there were some cars following him and that he recognized the possibility there would be cars in the opposite lane coming from behind. He stated that before passing he looked in his rear view mirror and did not look over his shoulder. The evidence showed Kaighn's car was equipped with both an inside and outside rear view mirror. The one on the outside was allegedly so set that the driver could see vehicles to his rear and

in the left hand lane of traffic. Kaighn testified that he was not sure whether he looked into the outside mirror before he passed, however, he was certain that he did not see the Konda car until it was alongside of him on the shoulder of the road.

The medical testimony revealed that plaintiff suffered as a result of the accident, compression fractures of the second and third lumbar vertebra, contusions and abrasions on her forearms and hands, a laceration of the scalp and a contusion and sprain of her right shoulder. She was in the hospital from September 24 to October 9. After her release, she was required, as a part of her treatment, to wear a back brace for twelve weeks. Late in November she was again hospitalized for about six days due to her complaints of pains in her shoulder and back. She testified that toward the end of January her doctor told her that she could return to work, but that she was unable to secure steady employment as a beauty operator until the week before Easter. She stated that her back still bothered her a lot and she attributed part of this to her job which she said, required her to be on her feet much of the time and to bend over a lot.

This action was commenced on January 30, 1962, upon a complaint filed by the plaintiff Holland. The complaint in substance alleges that the plaintiff was a passenger in a car driven by Joan Konda which was traveling on U. S. No. 93; that at the same time and place, the defendant Robert Kaighn was driving a car in the same direction as the Konda car; that the defendant Konda grossly negligently drove the car in which the plaintiff was riding and attempted to pass a string of cars; that while she was attempting to pass the said cars, the defendant Kaighn negligently attempted to pull in front of the car Konda was driving; that the concurrent negligent act of Robert Kaighn and the concurrent grossly negligent act of Konda resulted in Joan Konda driving said car off the road causing the car in which the plaintiff was riding to turn over; that the plaintiff as the proximate result of said negligence

suffered serious injuries; that as a proximate result of the collision the plaintiff was injured and had her back critically injured so that two vertebrae were broken; that she was otherwise injured in her back and body; that she suffered and will continue to suffer in the future great physical and mental suffering and pain from said injuries.

Motions to dismiss were filed on behalf of both defendants and were overruled by the court. Thereafter answers were filed by each and issue was joined. The trial of the action lasted two days. During the course of the trial, after the plaintiff had concluded her case in chief, defendant Konda moved the court to direct a verdict in her favor against the plaintiff. This motion was taken under advisement by the court. Following the completion of defendant Kaighn's case in chief, defendant Konda again moved for a directed verdict in her favor, which motion was also taken under advisement by the court. At the conclusion of all the evidence, plaintiff moved for a directed verdict against Kaighn as to negligence and asked that the question of defendant Konda's gross negligence and damages be submitted to the jury. This motion was likewise taken under advisement.

After judgment was duly and regularly entered, defendant Konda moved for a judgment in accordance with the motion for a directed verdict and also offered a motion for a new trial. The court denied defendant Konda's motion for a judgment in accordance with her motion for a directed verdict made during the trial of the cause, and likewise denied the defendant Konda's motion for a new trial. On the same day the court denied the plaintiff's motion for a directed verdict against the defendant Kaighn.

In her appeal, appellant Konda has alleged six separate specifications of error. However, these can be handled by answering three basic questions.

The first question involves the lower court's refusal to grant the appellant's motion for a directed verdict. Konda alleges

that there was a clear violation of R.C.M.1947, § 32-2167, hereinafter quoted, and thus the respondent Kaighn was guilty of negligence as a matter of law.

 A judge may direct a verdict only as provided by statute. R.C.M.1947, § 93-5205, states:

"Where, upon the trial of an issue by a jury, the case presents only questions of law, the judge may direct the jury to render a verdict in favor of the party entitled thereto." With this as a basis this court has stated and restated many times its position on directed verdicts. As was said in Teesdale v. Anschutz Drilling Co., 138 Mont. 427, 357 P.2d 4:

"* * * 'No case should ever be withdrawn from the jury when reasonable men might draw different conclusions from the evidence.' [Mellon v. Kelly, 99 Mont. 10, 20, 41 P.2d 49]

"This rule is firmly established by other decisions of this court, and we feel that further citation on the point is unnecessary."

 We must also bear in mind the familiar rule that this court on appeal must assume that the facts are as stated by the witnesses, believed by the jury, and claimed by the prevailing party. Wallace v. Wallace, 85 Mont. 492, 279 P. 374, 66 A.L.R. 587.

Appellant Konda contends that the evidence shows that there was a violation of R.C.M.1947, § 32-2167, which reads:

"(a) No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required by section 32-2164 or turn a vehicle to enter a private road or driveway, or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety. No person shall so turn any vehicle without giving an appropriate signal in the manner hereinafter provided in the event any other traffic may be affected by such movement.

"(b) A signal of intention to turn right or left when required shall be given continuously during not less than the

last one hundred (100) feet traveled by the vehicle before turning.

"(c) No person shall stop or suddenly decrease the speed of a vehicle without first giving an appropriate signal in the manner provided herein to the driver of any vehicle immediately to the rear when there is opportunity to give such signal."

Appellant's contention seems to be that Kaighn violated this statute in turning left on the roadway when such movement could not be made with reasonable safety. The proof that it was not reasonably safe was the accident itself. This is reasoning backwards and the statute is not to be interpreted that strictly. The duty imposed on the driver of a car intending to turn right or left on the highway by this statute has not as yet been defined by this court. However, California, with an almost identical statute, [Veh.C.A. § 22107, formerly sec. 544(a)] has interpreted it to mean that the person turning does not need to know with absolute certainty that it is safe, but merely that he must take reasonable precautions before turning. Nevarov v. Caldwell, 161 Cal.App.2d 762, 327 P.2d 111, 120. As was said in Lewis v. Franklin, 161 Cal. App. 2d 177, 326 P.2d 625, quoting from Spear v. Leuenberger, 44 Cal. App.2d 236, 112 P.2d 43, 50:

"We do not understand it to be the rule that a person is required to know that the turning movement can be made with safety. All that is required is that he take the precautions which a reasonably prudent person would take under the circumstances reasonably appearing to him at the time."

Viewing the record of this case in the light most favorable to the prevailing party, in this instance the defendant Kaighn, we are unable to say that the evidence permits but one inference. Therefore the lower court did not err in refusing to grant a directed verdict for the defendant Konda.

The second question presented involves the evidence supporting the jury's verdict for the plaintiff Holland and the

defendant Kaighn. Appellant Konda contends that there is no substantial evidence for the finding that she was grossly negligent, or conceding for argument that she was, there is no substantial evidence to show that this gross negligence was the proximate cause of the plaintiff's injuries.

As the plaintiff was a guest in the car of appellant Konda, the duties owed her by the driver were governed by R. C.M. 1947, §§ 32-1113 to 32-1115, inclusive. The substance of these provisions is that the guest assumes, as between himself and the driver, the ordinary negligence of the driver. Thus, in order for the driver to be liable in damages to the guest, his actions must be those which are termed "grossly negligent." This court has defined gross negligence as the "failure to use slight care." Batchoff v. Craney, 119 Mont. 157, 172 P.2d 308. It has also said that the question of whether one is guilty of gross negligence is one for the jury. Carter v. Miller, 140 Mont. 426, 372 P.2d 421; Blinn v. Hatton, 112 Mont. 219, 114 P.2d 518; Baatz v. Noble, 105 Mont. 59, 69 P.2d 579, and that the question should not be withdrawn from the jury when reasonable men might draw different conclusions from the evidence. McCulloch v. Horton, 102 Mont. 135, 56 P.2d 1344; Nangle v. Northern Pacific Ry., 96 Mont. 512, 32 P.2d 11; Pratt v. Kistler, 72 Mont. 356, 233 P. 600. From an examination of the evidence, viewed in the light most favorable to the prevailing party we find that under the facts and circumstances in this case all reasonable men could not agree whether or not this accident, and resultant injuries to the plaintiff, were caused by the grossly negligent operation of the appellant Konda's car. Whether she was grossly negligent was therefore, a jury question.

Appellant Konda's contention that there is no substantial evidence to show proximate cause is premised on the assertion that respondent Kaighn's negligence as an "intervening independent cause" negated her negligence.

Whether the injury sustained is the proximate result

of the defendant's negligence is usually a question for the jury, and it is only where the court is able to see from undisputed facts that the negligence was a remote, and not a proximate cause of the plaintiff's injury that the question becomes one of law for the court. As this court stated in McNair v. Berger, 92 Mont. 441, 15 P.2d 834, quoting from Boyd v. Great Northern Ry., 84 Mont. 84, 274 P. 293.

" 'In determining the proximate cause of an injury or accident, we must always look to the succession of events existing in every transaction, more or less dependent each upon the preceding event, and it is the province of the jury to look to such succession of events and ascertain whether they are naturally and probably connected with each other by a continuous sequence or are dissevered by new and independent agencies, and this must be determined in view of the circumstances existing at the time. Milwaukee, etc., Ry. v. Kellogg, 94 U. S. 469, 24 L.Ed. 256. If this sequence of events leads up to and results in the injury without intervening independent cause, it is the efficient and proximate cause.' Burns v. Eminger, 84 Mont. 397, 276 P. 437, 442."

Whether the action of defendant Kaighn was an independent intervening cause was a question for the jury to which they have given their answer. The record discloses that there is more than substantial evidence to support this finding, and therefore this court will not disturb it.

The third question presented by appellant Konda concerns the instructions given to the jury. The trial court over the objection of appellant's counsel refused to give an instruction on the "sudden emergency" rule. This, the appellant contends was prejudicial error.

Appellant Konda has correctly stated the law of Montana as regards the duty of a person who is confronted with a sudden peril or emergency. He is only required to act as a reasonably prudent person under those circumstances. Maynard v. City of Helena, 117 Mont. 402, 416-417, 160 P.2d

484. However, appellant Konda contends that the jury was not properly instructed because the court refused to give instruction No. 56, which read:

"You are instructed that where a person, without his or her fault is confronted with a sudden emergency, he or she is not required to exercise that degree of care which is necessary when there is time for deliberation, but is required to act only as a reasonably prudent person would act under similar circumstances."

There is nothing wrong with this instruction insofar as correctly stating the law. However, its refusal was not error because the jury had been adequately instructed on the degree of care which the defendant was expected to exercise. Instructions were given by the trial court which correctly stated her duty.

This court has repeatedly held that a trial court does not err in refusing to give a particular instruction when the same subject has been adequately covered in other instructions. Franck v. Hudson, 140 Mont. 480, 373 P.2d 951, Carter v. Miller, 140 Mont. 426, 372 P.2d 421; Le Compte v. Wardell, 134 Mont. 490, 333 P.2d 1028.

The brief of the cross-appellant Holland contains two specifications of error. They are: "Did the court err in overruling plaintiff's motion for a directed verdict against the defendant Kaighn?", and "Is there substantial evidence in the record to sustain a directed verdict against the defendant Kaighn?"

The question raised by the first specification of error is almost identical to that raised by the appellant Konda, and as was stated there, a trial court is not in error in refusing to direct a verdict where reasonable men might disagree.

A negative answer to the first specification of error precludes further examination of the second.

The judgment is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES CASTLES and ADAIR concur.