JESSIE I. SHIELDS, Plaintiff and Respondent, *v.* DELBERT E. MURRAY, Defendant and Appellant.

No. 11879.
Decided March 3, 1971.
481 P.2d 680

Berg, O'Connell & Angel, Bozeman, Charles F. Angel, Bozeman, argued, for appellant.

Berger, Anderson & Sinclair, Billings, Arnold A. Berger,

494

<!-- redacted -->

Billings, argued, Arnold Huppert, Jr., Livingston, for respondent.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

This is an appeal from an order of the District Court of the Sixth Judicial District, Park County, granting judgment to the plaintiff notwithstanding a jury verdict in favor of the defendant, on the question of liability and an order granting a new trial on the question of damages.

This action concerns an automobile collision on U. S. Highway No. 89 near the Interstate 90 overpass at the south edge of Livingston, Montana, at approximately 2 a.m. on April 21, 1968.

In the area where the accident occurred U. S. Highway 89 consists of two roadways, one with two lanes proceeding south under the Interstate 90 overpass toward Gardiner, Montana; and one with two lanes proceeding north into the city of Livingston. There are a series of traffic medians in the area dividing the northbound and southbound lanes, with openings between the medians to allow traffic to enter and leave Interstate 90 from U. S. Highway No. 89.

On the night of the accident plaintiff Jessie I. Shields and her husband had been to an old-time fiddlers' convention at Columbus, Montana, and were returning to their home eleven miles south of Livingston.

The defendant, Delbert E. Murray, was traveling from Bozeman where he had had two beers at a bar. He had stopped in Livingston to get gas and a cup of coffee before proceeding south on U. S. Highway No. 89 to Gardiner to meet a friend.

Defendant was traveling south on U. S. Highway No. 89 in the outside or righthand and westernmost lane of traffic available for southbound traffic approaching the Interstate 90 overpass. He was, according to his own testimony, driving between 50 and 55 miles per hour, although the speed limit was 45 miles per hour.

The Shields vehicle, then being driven by Mr. Shields, had come down the westbound off-ramp from Interstate 90 and stopped near the intersection of the off-ramp with U. S. Highway No. 89. Mrs. Shields took over the driving responsibilities from her husband at this point which was near the stop sign at the intersection and she intended to make a left turn and head south on U. S. Highway No. 89 to her home.

In making her left turn onto U. S. Highway No. 89 she angled across the east two lanes of the road over to the west two lanes or extreme right-handed traffic lane of the highway and proceeded up the road in a southerly direction. Her testimony as to whether she drove for any distance in the left hand lane before moving into the right lane is not clear. She apparently did not signal before moving into the righthand lane.

Shortly after plaintiff moved her vehicle into the right lane it was struck from behind by the defendant's vehicle. Although there is conflict in the testimony, based upon skid marks, as to whether defendant's vehicle was straddling the lanes, the defendant's vehicle apparently struck the vehicle of the plaintiff while both vehicles were located primarily in the right-hand lane.

Defendant testified he saw the plaintiff's vehicle at the intersection before it moved out. Plaintiff and her husband testified they did not see the lights of the defendant's car before or at the time of the collision. A highway patrolman who investigated the accident stated in his report that he observed the defendant had been drinking and his ability to drive had been impaired as a result, but no traffic citation was given.

Subsequent to the accident plaintiff filed suit against defendant alleging damages to her vehicle and injuries to herself. Defendant filed an answer denying he had been negligent, setting up the defense of contributory negligence, and containing a counterclaim. Plaintiff replied denying the allegations of the counterclaim.

Following filing of the pleadings a pretrial conference was had and at that time plaintiff's counsel moved to amend the

reply by adding the defense that defendant had been guilty of willful and wanton misconduct, and as such, it was contended that his counterclaim, being based on simple negligence only, and the defense of contributory negligence was barred. A pretrial order was signed in which plaintiff contended defendant was negligent and such negligence was wanton, that she was not negligent, that defendant's negligence was the proximate cause and she was injured and had been damaged as a result of defendant's negligence. Defendant's contentions were that he had not been guilty of any act of negligence which was a proximate cause of injuries or damage alleged to have been sustained by the plaintiff; that she was negligent, that her own negligence was a proximate cause of the accident and resulting damage to her, and that his automobile was damaged as a result of her negligence.

This pretrial order was intended to supersede the pleadings and govern the course of the trial.

As to the counterclaim of defendant, after all the evidence in the case had been presented he withdrew his counterclaim.

The case was tried to a jury in Park County on February 4, 1970. The jury rendered a verdict in favor of defendant and judgment was entered. Shortly thereafter, counsel for plaintiff filed alternative motions seeking judgment on the question of liability notwithstanding the jury's verdict, on the grounds that such verdict was contrary to the evidence and the law, or in the alternative, for a new trial upon all issues.

The trial court, by order dated March 4, 1970, granted the motion for judgment notwithstanding the verdict on the question of liability, directed the clerk to forthwith enter judgment for the plaintiff, and granted her a new trial on the question of damages. The order granting the motion did not specify the grounds upon which it was based. Judgment was entered for plaintiff pursuant to the order. It is from this judgment and order that the defendant now appeals.

The two questions before this Court are:

1.  Did the trial court err in granting plaintiff's motion for

judgment notwithstanding the verdict of the jury on the question of defendant's liability?

2. Did the trial court err in granting plaintiff's motion for a new trial on the question of damages?

Discussing the first question, plaintiff contends that the evidence proves defendant was negligent in that he was speeding; he had been drinking; he was straddling the white center line; he saw plaintiff's vehicle in advance of the collision; he did not take evasive action; he did not know what time it was; he appeared intoxicated to the highway patrolman; and, that he did not have his vehicle lights on when he struck plantiff's car. Defendant contends that the evidence proves plaintiff was contributorily negligent and such negligence was the proximate cause of the accident; that plaintiff pulled directly into the right-hand lane of the southbound roadway, without first driving in the left lane or signaling her intention to move into the right lane.

As to plaintiff's contentions, the evidence did not at all times support them. True, defendant said he had been drinking—he testified that he had two beers at a bar, no evidence was produced that he had had more, nor was he cited by the highway patrolman, even though that same patrolman reported that his driving ability was impaired. As to the contention defendant was straddling the white center line of the road, testimony raised a fact issue as to whether he crossed the line, or if he did whether it was to evade the plaintiff who was cutting in front of him. The question of whether or not defendant's lights were on was not an issue at the time of the accident nor was the patrolman made aware of any such complaint by the plaintiff. Plaintiff and her husband testified they did not see lights, although plaintiff's husband testified after the accident, defendant's parking lights were on. The contention that defendant saw plaintiff's car pull away from the intersection is also debatable, for the defendant testified it was not until the accident was inevitable that he again saw the plaintiff's car; on the other hand, there was evidence that plaintiff did cut in front of

defendant and did not use the first lane of traffic she had available when she turned south. All considered, the facts were there to make it a question for the jury.

This Court, on a number of occasions, has stated that cases and issues should not be withdrawn from a jury unless reasonable and fair-minded men could reach only one conclusion from the facts. Pickett v. Kyger, 151 Mont. 87, 439 P.2d 57; Bridges v. Moritz, 149 Mont. 273, 425 P.2d 721; Holland v. Konda, 142 Mont. 536, 385 P.2d 272. Genuine questions of fact should be submitted to the jury. Bridges v. Moritz. A corollary to the above rule is that substantial evidence justifying submission of an issue to a jury exists when reasonable men might reach different conclusions from the facts. Parini v. Lanch, 148 Mont. 188, 418 P.2d 861.

Holland v. Konda, supra, was an action by a guest passenger for personal injuries against her host driver and a third party driver. The host driver was Konda and the third party driver was Kaighn. Defendant Konda made motions for directed verdict against the plaintiff and also against defendant Kaighn as to his negligence. Plaintiff also made a motion for directed verdict against defendant Kaighn. The jury returned a verdict in favor of the plaintiff and against the defendant Kaighn. In affirming the verdict and judgment of the lower court, the Court stated:

"The first question involves the lower court's refusal to grant the appellant's motion for a directed verdict. Konda alleges that there was a clear violation of R.C.M.1947, § 32-2167, hereinafter quoted, and thus the respondent Kaighn was guilty of negligence as a matter of law.

"A judge may direct a verdict only as provided by statute. R.C.M.1947, § 93-5205, states:

" 'Where, upon the trial of an issue by a jury, the case only presents questions of law, the judge may direct the jury to render a verdict in favor of the party entitled thereto.' With this as a basis this Court has stated and restated many times

its position on directed verdicts. As was stated in Teesdale v. Anschutz Drilling Co., 138 Mont. 427, 357 P.2d 4:

" '* * * *"*No case should ever be withdrawn from the jury when reasonable men might draw different conclusions from the evidence."* [Mellon v. Kelly, 99 Mont. 10, 20, 41 P.2d 49.]

" 'The rule is firmly established by other decisions of this Court, and we feel that further citation on the point is unnecessary.' "

In Bridges v. Moritz, 149 Mont. 273, 425 P.2d 721, this Court stated:

"* * * Since any genuine question of fact should be submitted to the jury, a directed verdict may be entered only when it follows from the evidence as a matter of law. Holland v. Konda, 142 Mont. 536, 385 P.2d 272. *The test employed to determine the legal sufficiency of the evidence used to support a motion for directed verdict is whether reasonable men can draw different conclusions from the evidence.* If but one conclusion is reasonably possible, then the directed verdict is proper." (Emphasis supplied.)

In Mally v. Asanovich, 149 Mont. 99, 423 P.2d 294, we held:

"With respect to the use of summary judgment in a negligent action, 6 Moore, Federal Practice 2583, § 56.17[42], states the general proposition 'that *issues of negligence, including such related issues as wanton or contributory negligence, are ordinarily not susceptible of summary adjudication* either for or against the claimant, but should be resolved by trial in the ordinary manner.' " (Emphasis supplied.)

Taking the contentions of the parties and applying the foregoing citations of our law it is not clear that plaintiff was entitled to a judgment as a matter of law on the issue of liability. We are unable to say that the evidence permits but one inference.

This Court in Campeau v. Lewis, 144 Mont. 543, 548, 398 P.2d 960, 963, a case involving an automobile collision where

the trial court granted a new trial after a jury verdict for defendant, held:

"Several of the cases cited by the respondent deal with a denial of a motion for a new trial and then an appeal to this Court. In such cases the Court has been somewhat reluctant to set aside an act of discretion of the trial judge. In the Tripp case, supra, for example, this Court refused to disturb the trial judge's decision to deny the motion for a new trial. However, in the instant case the trial judge did grant a new trial, thereby choosing not to follow the finding of the jury. When the trial court denies a motion for a new trial and thereby indicates faith in the jury verdict we are more apt to refrain from disturbing that order than where the trial judge sets aside the jury's findings and requires that the facts be decided again. Where the trial judge is presented with evidence in favor of the verdict, but proceeds to grant a new trial, we feel it is our duty to test the evidence against the verdict. We respect the discretion of the trial judge, but are of the opinion that in this case he was unreasonable in granting the new trial. Of course, the advantageous position of the jury to resolve the facts does not remain when they return an 'incredible' verdict. Casey v. Northern Pacific Ry. Co., 60 Mont. 56, 198 P. 141; Cf. Adami v. Murphy, 118 Mont. 172, 164 P.2d 150, where the verdict for the defendant was an incredible one. However, in the instant case there is nothing incredible about the verdict for the defendant.

"It was also argued that the trial judge was in error in granting a new trial on the stated ground that the jury verdict was against the law as contained in the instructions. We have reviewed the instructions and are of the mind that they clearly and correctly present the law governing the case." (In the instant case the judge goes even further for he finds on the issue of liability.)

Accordingly, we hold the trial court in the instant case abused its discretion in granting its order and judgment in favor of plaintiff notwithstanding the verdict on the issue of liability.

We must also consider at this point that the Court in-

structed the jury on the issues of negligence, willful and wanton negligence, and these issues, along with contributory negligence were submitted to the jury and became the law of the case. The jury was further instructed that contributory negligence was not a defense if the defendant was guilty of willful and wanton negligence.

Viewing all the evidence and reasonable inferences therefrom in the light most favorable to the defendant, the facts appear to us to be such that reasonable and fairminded men could come to different conclusions as to whether he was guilty of willful or wanton negligence as defined and contained in the instructions given to the jury. That issue was, therefore, properly submitted to the jury. The same situation exists with respect to the issue of whether Mrs. Shields was guilty of contributory negligence as under the instructions would bar recovery by her, being properly a jury question.

For these reasons we hold that the trial court erred in granting the motion for judgment notwithstanding the verdict on the question of defendant's liability.

The second question, as to whether the trial court erred in granting a new trial on the question of damages, need not be decided in view of the fact we have held that the verdict was incorrectly set aside.

The judgment of the trial court is reversed and the trial court is instructed to enter the judgment on the verdict in favor of the defendant.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES HASWELL, DALY, and CASTLES, concur.