WILLIAM W. HOFFMAN, Plaintiff and Appellant, *v.* FLORENCE HERZOG, Defendant and Respondent.

No. 12049.
Submitted Sept. 22, 1971.
Decided Dec. 6, 1971.
491 P.2d 713.

Lyman H. Bennett, Jr., argued, Bozeman, for plaintiff-appellant.

Berg, O'Connell, Angel & Andriolo, Bozeman, Charles F. Angel argued, Bozeman, for defendant-respondent.

MR. JUSTICE HASWELL delivered the Opinion of the Court.

This is an appeal by plaintiff from a judgment in favor of defendant entered on a jury verdict in the district court of Gallatin County, and from an order denying the motions of plaintiff for directed verdict, judgment notwithstanding the verdict, or in the alternative for a new trial.

The accident forming the basis of this case occurred at approximately 1:30 a.m. on May 16, 1970, on U.S. Highway No. 10 between Bozeman and Belgrade, Montana. Defendant was pro-

ceeding in a northerly direction on Highway No. 10 near the second viaduct going to Belgrade, when the accident occurred.

The sequence of events leading up to the accident is as follows: Early in the evening of May 15, 1970, defendant Florence Herzog met a Mrs. Sally Fisher at the Baxter Hotel in Bozeman, where they had several drinks in the Robin Lounge. Later defendant and Sally Fisher left the Robin Lounge and proceeded to the Legion Hall in Bozeman in defendant's 1968 Opel automobile, with defendant driving. At the Legion Hall the women met the plaintiff William W. Hoffman, and one Lauren Diedeman. The record shows the parties danced together, could have had as many as five drinks apiece at the Legion Hall, and then as a group proceeded across the street to the VFW Club. The parties continued to drink at the VFW Hall until 12:30 a.m., at which time defendant, Fisher, and Hoffman walked over to the Eagles Club, where the defendant met a Jim McKinney. Shortly thereafter they proceeded toward the Beaumont Club in Belgrade, with defendant driving her Opel, accompanied by plaintiff in the front seat and Fisher and McKinney in the back seat.

At this point the evidence becomes conflicting concerning defendant's capacity to drive her automobile in a safe and prudent manner; in any event defendant continued to drive on Main Street and then north on Seventh Avenue. Sally Fisher testified defendant was not going over the speed limit. Defendant testified that as she approached the area where the accident occurred, she might have been going 35 to 40 miles per hour. At a point approximately one quarter mile north of the city limits of Bozeman on U.S. Highway No. 10, as the defendant approached the second overpass on the highway, the testimony indicates defendant was on the wrong side of the highway. In an attempt to bring her automobile back into the proper lane of traffic she lost control, causing her car to head over the right side of the highway, overturn, and injure plaintiff. The only dispute in the record as to how the accident happened arises out of McKinney's testimony that he felt the automobile slide off the high-

way sideways, while Patrolman Wickman found the automobile had gone straight off the highway.

On appeal plaintiff raises three issues for review:

(1) Did the district court err in denying plaintiff's motion for a directed verdict?

(2) Did the district court err in denying plaintiff's motion for judgment notwithstanding the verdict, or alternatively for a new trial?

(3) Did the district court err in the giving or refusal of certain jury instructions?

On the first issue plaintiff contends all the evidence indicates ''gross negligence and reckless operation'' of her automobile by defendant. Additionally, plaintiff argues that he was not guilty of contributory negligence as a matter of law because he did not actively participate in defendant's negligence and because his failure to anticipate defendant's negligence did not constitute contributory negligence. Plaintiff omits any mention of the relevancy of the defense of assumption of risk.

Defendant's position is simply that any alleged ''gross negligence and/or reckless operation'' by defendant is a jury question. Defendant contends the question of her alleged intoxication, whether such intoxication was the proximate cause of the accident, and whether plaintiff knew or should have known of defendant's intoxication, were all factual questions for the jury to decide under the evidence. Finally, defendant contends the submission of the defenses of contributory negligence and assumption of risk to the jury was proper.

Defendant's position is sound under Montana law. Since plaintiff was a guest passenger in defendant's vehicle at the time of the accident, he could not recover from defendant upon allegations and proof of ordinary negligence. Montana's guest statute provides for recovery based upon proof of gross negligence. Gross negligence has been defined by this Court as being something more than ordinary negligence, i. e. the failure to exercise slight care. Ratzburg v. Foster, 144 Mont. 521, 398 P.2d 458.

The record herein supports the conclusion that the consumption of alcohol and its resultant effect on the defendant's ability to drive was the cause of the accident; however, it was still for the jury to determine whether or not defendant was guilty of gross negligence. Because factual issues concerning gross negligence and contributory negligence were present under the evidence, the district court quite clearly did not err in denying plaintiiff's motion for a directed verdict.

This Court's decision and rationale in Shields v. Murray, Mont. 481 P.2d 680, 682, 683, possesses logical applicability to the main thrust of this entire appeal. In *Shields*, this Court considered the issues of alleged negligence by defendant, willful and wanton conduct by defendant, and alleged contributory negligence by plaintiff. In reversing the trial court's order withdrawing those issues from the jury and granting judgment for plaintiff notwithstanding the verdict in favor of defendant, this Court stated:

"This Court, on a number of occasions, has stated that cases and issues should not be withdrawn from a jury unless reasonable and fair-minded men could reach only one conclusion from the facts, Pickett v. Kyger, 151 Mont. 87, 439 P.2d 57; Bridges v. Moritz, 149 Mont. 273, 425 P.2d 721; Holland v. Konda, 142 Mont. 536, 385 P.2d 272. Genuine questions of fact should be submitted to the jury. Bridges v. Moritz. A corollary to the above rule is that substantial evidence justifying submission of an issue to a jury exists when reasonable men might reach different conclusions from the facts. Parini v. Lanch, 148 Mont. 188, 418 P.2d 861.

"Holland v. Konda, supra, was an action by a guest passenger for personal injuries against her host driver and a third party driver. The host driver was Konda and the third party driver was Kaighn. Defendant Konda made motions for directed verdict against the plaintiff and also against defendant Kaighn as to his negligence. Plaintiff also made a motion for directed verdict against defendant Kaighn. The jury returned a verdict in favor of the plaintiff and against the defendant Kaighn. In

affirming the verdict and judgment of the lower court, the Court stated:

" 'The first question involves the lower court's refusal to grant the appellant's motion for a directed verdice. Konda alleges that there was a clear violation of R.C.M.1947, § 32-2167, hereinafter quoted, and thus the respondent Kaighn was guilty of negligence as a matter of law.

" 'A judge may direct a verdict only as provided by statute. R.C.M.1947 § 93-5205, states:

" ' "Where, upon the trial of an issue by a jury, the case only presents questions of law, the judge may direct the jury to render a verdict in favor of the party entitled thereto." With this as a basis this Court has stated and restated many times its position on directed verdicts. As was stated in Teesdale v. Anschultz Drilling Co., 138 Mont. 427, 357 P.2d 4:

" ' " "* * * 'No case should ever be withdrawn from the jury when reasonable men might draw different conclusions from the evidence.' [Mellon v. Kelly, 99 Mont. 10, 41 P.2d 49.]

" ' "The rule is firmly established by other decisions of this court, and we feel that further citation on the point is unnecessary." '

"In Bridges v. Moritz, 149 Mont. 273, 425 P.2d 721, this Court stated:

" '* * * Since any genuine question of fact should be submitted to the jury, a directed verdict may be entered only when it follows from the evidence as a matter of law. Holland v. Konda, 142 Mont. 536, 385 P.2d 272. The test to be employed to determine the legal sufficiency of the evidence used to support a motion for directed verdict is whether reasonable men can draw different conclusions from the evidence. If but one conclusion is reasonably possible, then the directed verdict is proper.' "

Plaintiff's contention that the defense of contributory negligence should not have been submitted to the jury is without foundation. The record very clearly bears out a fact question of possible contributory negligence by plaintiff insofar as the other

passengers in defendant's automobile did both know and appreciate the circumstances of defendant's intoxicated condition, and quite obviously plaintiff had some knowledge of defendant's condition as well. Both Fisher and McKinney knew, and were aware, defendant had been drinking to such an extent that her driving ability might be affected. Plaintiff was present at the Eagles Club when Fisher and McKinney observed defendant's condition. Even plaintiff testified he probably knew what was going on at that time.

Plaintiff in his brief seems to ignore the entire question of assumption of risk. This Court has occasionally dealt specifically with the relevant question of whether a guest was guilty of contributory negligence and/or assumption of risk in riding with an intoxicated driver. McNair v. Berger, 92 Mont. 441, 457, 15 P.2d 834; Westergard v. Peterson, 117 Mont. 550, 555, 159 P.2d 518. In both cases this Court held that the question of whether or not the plaintiff was in fact guilty of contributory negligence and/or assumption of risk was a jury question. In *McNair*, the Court said:

''The next contention of counsel for defendant is that his motion for a directed verdict should have been sustained on the ground of plaintiff's contributory negligence. Specifically, he contends that under the evidence plaintiff knew that defendant was intoxicated when he left the country club and, therefore, that plaintiff took his own chances in riding with him. There is no direct evidence that he knew of the intoxication, if it existed. Defendant did not testify in his own behalf and neither did he offer any evidence to the effect that he was intoxicated. If he was intoxicated to plaintiff's knowledge, that fact must be ascertained from plaintiff's evidence. Careful reading of the evidence offered by plaintiff convinces us that *it was for the jury to determine whether defendant was intoxicated at the time they left the country club and, if so, whether plaintiff knew it. The issue of contributory negligence was fairly submitted to the jury by the instructions* and, since the jury found

for plaintiff on substantial evidence, its finding will not be disturbed." (Emphasis supplied).

In *Westergard,* the Court stated:

"The question of whether defendant was intoxicated and the extent thereof were questions of fact for the jury. The evidence on the point was such that different minds might reach different conclusions. It was of course conceded that all parties had been drinking but there was no evidence tending to show what effect the drinking had upon the ability to drive the car, or that the adverse effect, if any, was so apparent that plaintiffs should, as a matter of law, be chargeable with assuming all risks in voluntarily riding with defendant."

In D'Hoodge v. McCann, 151 Mont. 353, 443 P.2d 747, this Court clearly stated that where more than one reasonable conclusion is possible from the evidence, the defense of assumption of risk and contributory negligence is a jury question. The record in the instant case clearly demonstrates the following factual issues for the jury's determination: (1) Whether defendant was intoxicated at the time the parties left the Eagles Club. (2) Whether such alleged intoxication was the proximate cause of the accident. (3) Whether plaintiff knew or should have known defendant was intoxicated.

The second issue on review is whether the district court erred in denying the motion of plaintiff for a judgment notwithstanding the verdict, or in the alternative for a new trial. Plaintiff contends in effect, that defendant was guilty of gross negligence as a matter of law and that there was no contriubtory negligence or assumption of risk by plaintiff as a matter of law. We do not agree. The record clearly shows conflicting testimony from which reasonable men could differ as to exactly what the facts showed. The jury resolved those issues against plaintiff. Without any evidence of error in the submission of these issues to the jury, its verdict must stand.

Plaintiff points out that certain irregularities in the trial proceedings were grounds for a new trial, namely: (1) a three day recess in the middle of plaintiff's case; (2) a certain letter

from a juror to the plaintiff advising plaintiff of her own reluctance to come to a decision of liability, and of her desire to compensate plaintiff; and (3) an element of surprise forming a basis for a new trial was injected into the case when defendant's counsel contended that plaintiff was negligent, not in contributing to the accident, but only in getting into the automobile when plaintiff knew or should have known that defendant was intoxicated and therefore a potential dangerous driver.

These contentions are without substance. Plaintiff's counsel did not object at the time the court announced its recess and no prejudice was shown by such delay. The letter sent by a juror to plaintiff after the trial cannot be used to improperly impeach a verdict of a jury since it is an unsworn statement in writing and in no way shows the jury did not follow the court's instructions, or that the jury engaged in any type of misconduct in arriving at its verdict. Finally, the claim of surprise in defendant's contention regarding plaintiff's alleged contributory negligence is without foundation. Defendant's counsel was merely stating the applicable principles of law correctly.

We hold the district court was correct in refusing to grant plaintiff's motions for a directed verdict, for a judgment notwithstanding the verdict, or in the alternative for a new trial.

The final issue for review concerns the giving or refusal of jury instructions. Plaintiff contends (a) the district court erred in refusing plaintiff's proposed instruction No. 12; (b) the court erred in giving to the jury defendant's proposed instruction No. 14; (c) the court erred in separately instructing the jury as to the issues of contriubtory negligence; and (d) the court erred in refusing plaintiff's proposed instruction No. 14.

Plaintiff's proposed instruction No. 12 is patterned after the basic speed statute in Montana (section 32-2144, R.C.M. 1947). It deals with ordinary negligence, not gross negligence, in that it refers to driving in a careful prudent manner and does not deal with gross negligence or reckless operation of a vehicle under our guest statute. Therefore, its submission to the

jury was not warranted and would tend to mislead the jury. Additionally, the record reveals the court did give the jury other adqeuate instructions dealing with gross negligence and reckless operation of a vehicle under our guest statute.

Defendant's proposed instruction No. 14 is a standard MJIG instruction, No. 13.00, and was given to the jury. It is well settled in this state that one can assume any risk, even of an intentional tort, because this defense is based on consent. Also there is nothing in the instruction to limit it to only the assumption of risk of ordinary negligence. This Court in *Westergard* made it perfectly clear that the question of whether the guest passenger had assumed the risk of gross negligence by riding with a host driver who had been drinking is a proper defense to be submitted to the jury when the evidence is of such nature that reasonable minds can reach different conclusions as to its import.

We find no error by the district court in separately instructing the jury as to the issue of contributory negligence. Indeed, plaintiff's counsel's contention that there was no evidence of contributory negligence by plaintiff has no merit because the record reveals varying testimony dealing with plaintiff's and defendant's conduct leading up to the accident, and such evidence was certainly of the nature that reasonable men could come to different conclusions as to whether or not plaintiff had in fact been guilty of contributory negligence.

Finally, we hold the district court did not err in refusing to give to the jury plaintiff's proposed instruction No. 14. As noted throughout this opinion, the plaintiff's contributory negligence or assumption of risk in riding with defendant were issues that under the facts of the case should have been submitted to the jury. Plaintiff's proposed instruction No. 14 in effect states that failure to anticipate negligence cannot be construed to be contributory negligence. It would appear that such an instruction is indeed erroneous when applied to the facts. Here, the issue of contributory negligence involves the entering of a motor vehicle to ride with an intoxicated driver, and

the proposition that failure to anticipate negligence cannot be contributory negligence is irrelevant under the facts here.

The judgment of the district court is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES JOHN C. HARRISON, DALY and CASTLES concur.