MR. JUSTICE SHEEHY,
dissenting:
It is important to this case that Michael Riley was fired from his position at Warm Springs State Hospital and that he brought suit against his employer, and also against his union, on the grounds that the union and the hospital had each failed to protect his interests properly under the collective bargaining agreement.
The jury in this case agreed with Mr. Riley. It awarded a judgment of $18,343 against the employer hospital, but also awarded a separate judgment of $18,343 against the union for inadequate representation. The hospital appealed the judgment to this Court. The union *523 has not appealed, apparently because the judgment against the union is uncollectible.
It is the duty of an appellate court to view the testimony in the light most favorable to the prevailing party at the trial level and to deem every fact proved which the evidence tends to prove. Hannigan v. Northern Pacific Railway Company (1963), 142 Mont. 335, 384 P.2d 493. On appeal, the facts as stated by the witnesses and believed by the jury and claimed by the prevailing party must be assumed. Holland v. Konda (1963), 142 Mont. 536, 385 P.2d 272, 6 A.L.R.3d 824. The statement of facts in the majority opinion overlook this elementary appellate rule.
The verdicts of the jury against his employer, and against the union, require us to accept as proven that under the collective bargaining agreement Riley was entitled to certain procedures before his employment could be suspended or terminated. The collective bargaining agreement required that Riley, if he were suspended, should be immediately “verbally” so advised and within three days notified in writing of the specific causes for his suspension. This was not done. The collective bargaining agreement required both union and management to make every effort to advise the employee of his rights. This was not done. The collective bargaining agreement required that if the union believed the dismissal was discriminatory or capricious, that a hearing be held before the hospital administrator. He was not given this hearing. His union representative failed to carry out the grievance procedures provided in the collective bargaining agreement. It was the duty of the union and the hospital to follow the grievance procedures which required (1) that the grievance be first taken up with his immediate supervisor within five days of the grievance; (2) that if not then resolved, then the grievance be presented to the hospital superintendent or his designee in writing within four days of the first step; (3) if settlement was not reached in step two, that it be presented in writing to the Director of the Department of Institutions within five days of step two; and if settlement then failed that procedures be instituted for arbitration. None of these were granted to Riley.
There are two rules of law that should proceed from this case that are completely lacking in the majority opinion. The first rule of law should be that if the employer arbitrarily and capriciously fails to accord the employee his rights under a collective bargaining agreement, that in itself is a breach of the covenant of good faith and fair dealing. This Court has held that a collective bargaining agreement *524 supplants the implied covenant of good faith and fair dealing between employer and employee. If however the collective bargaining agreement is arbitrarily disregarded by the employer, the implied covenant should come back into play.
The second rule of law that should issue from this case is that the Brinkman rule is inapplicable in any wrongful discharge case where the collective bargaining agreement has proved to be ineffectual.
It is demonstrably unfair that the Brinkman rule should be utilized by the majority to bar Riley’s cause of action because of the collective bargaining agreement, when the collective bargaining agreement, as observed by both his union and the employer deprived him of his employment rights.
It was on that state of facts that the jury found its verdicts against both the Hospital and the union and in this case the verdict against the employer/hospital should be upheld.