VERA S. GREENUP, Plaintiff and Respondent, v. COMMUNITY TRANSIT CO., a Corporation, and J. C. FRAZIER, Defendants and Appellants.

No. 10715

Submitted December 8, 1964. Decided March 2, 1965.

399 P.2d 418.

John H. Risken, Helena (argued), for appellants.

John Bonner, Helena (argued), for respondent.

MR. JUSTICE DOYLE delivered the Opinion of the Court.

This is an appeal from a judgment entered on a jury verdict in the district court of the first judicial district in the County of Lewis and Clark, Honorable Philip C. Duncan, the presid-

ing judge. The verdict was given on June 4, 1963, in the sum of $6,146.74.

The appellant corporation operated a fleet of taxicabs for transportation for hire in the City of Helena. J. C. Frazier was an employee driver of the corporation on September 12, 1961. The respondent on that date called the appellant to transport her from her residence at 414 Fee Street and take her to the county court house where she was serving on the jury panel.

After picking up the respondent who got into the front seat of the cab, the appellant driver, Frazier, then proceeded to the home of another juror, Mrs. Francis Breslin who resided at 1010 Fifth Avenue in Helena. When the taxicab, a 1960 Rambler pulled away from the Breslin home, the steering wheel broke in the hands of the driver, leaving only one spoke connected to the steering shaft. Informed that his two passengers must be at the court house by 10:00 a.m., appellant Frazier elected to attempt to drive the vehicle, using the spokes to steer. It is undisputed that when Mr. Frazier started the taxi, the remaining part of the steering wheel was inadequate to control the car, and instead of turning left away from the curb, the front wheels whipped to the right and jumped the curb which was approximately six inches in height. The car traveled between two and four feet before being stopped.

The respondent's claim of injuries is predicated on this incident, which injuries consisted of severe stiff neck, damaged shoulder muscles, aggravation of an old cervical spine injury and recurrent severe headaches.

Subsequent to the judgment dated June 6, 1963, appellant filed a motion for new trial and later filed an amended motion for new trial which was by the trial court denied. This appeal followed.

Appellant set out four specifications of error. The first three go to the denial of the motion for new trial as the verdict is not supported by the evidence; that the verdict was

given under the influence of passion and prejudice; and that the jury disregarded the instructions of the court as to the law of the case and failed to apply said law to the evidence.

Appellant's brief then takes a departure from the specifications of error, here raised for the first time.

The first interjection is the contention that the complaint or statement of claim was faulty, in that the respondent plead only the special damages in the sum of $1,146.74, and failed to allege in a separate paragraph, general damages in the sum of $25,000. The latter sum was in the prayer of the claim or complaint.

At no time was this matter ever raised in the court below. It was surrounded by silence in the pleadings, in the pre-trial conference, during the trial, and the court's Instruction 11, which was respondent's Instruction 8, was given to the jury *without objection* on the part of appellant, which Instruction concluded with these words, "* * * if any, that have proximately resulted or will proximately result to her by reason of her injuries, but not to exceed $25,000.00."

Appellant also elects to ignore the express provisions of Rule 15(b), M.R.Civ.P., which provides:

"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, *even after judgment;* but failure to so amend does not affect the result of the trial of these issues."

■ The next contention of appellant's brief completely non-existent in the record, either directly or indirectly, is this statement: "Any company transporting persons for hire in Montana is required to file evidence of insurance on passengers with the Board of Railway Commissioners of this state. The minimum limits required are $5,000 per person and $10,000

per accident. *The jury must have assumed* that defendant corporation had the minimum insurance, and it awarded the $5,000 plus specials. If it [the jury] did so assume it was in error."

To quote the statement from the brief is sufficient. The issue simply is not involved, but apparently the thought of appellant is that the above demonstrates passion and prejudice in the jury. It fails, of course, and we shall not comment further.

Since the main contention of appellant is the alleged error in denying a new trial because the verdict was not supported by the evidence, we shall briefly comment on the law.

 Even if we granted that evidence may be weak, it still can be termed substantial, and one witness may be adequate to establish a preponderance of a case. Batchoff v. Craney, 119 Mont. 157, 161, 172 P.2d 308. True, substantial evidence may be in direct conflict with other evidence admitted. Win Del Ranches & Firemen's Fund v. Rolfe and Wood, Inc., 137 Mont. 44, 49, 350 P.2d 581.

 On the jury rests the burden of finding the facts and their verdict is predicated upon their fact finding. Here the jury by a verdict of ten to two found for the respondent. Judge Duncan denied a motion for new trial. From that fact we must conclude that he approved of the verdict of the jury.

In Sands v. Superior Bldgs. Co., 136 Mont. 531, 534, 349 P.2d 314, 316, this court stated:

"In an action at law, this court will not disturb the findings and judgment of the court below where there is substantial evidence to support them. State ex rel. Olsen v. Sundling, 128 Mont. 596, 281 P.2d 499."

Also in Quitmeyer v. Theroux, 144 Mont. 302, 395 P.2d 965, this court said: "We, as a reviewing court, in such an instance, look to the evidence as a whole to determine whether there is substantial evidence supporting the verdict rendered." And see Seibel v. Byers, 136 Mont. 39, 344 P.2d 129.

44.

The negligence of appellant was established clearly. The only problem is as to damages. Examining the testimony, it is very clear that $1,146.74 was expended for medical attention. The jury also heard testimony, if believed, that respondent suffered pain, discomfort, and disability for a period of some time. The only suggestion appellant makes is that because of previous injuries, perhaps respondent is a malingerer and not worthy of belief. This, the jury did not believe, and under the authorities herein cited, we only examine to determine whether there was substantial evidence to support the verdict. We find there was.

Finding no prejudicial error, the judgment is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES JOHN CONWAY HARRISON, CASTLES and ADAIR concur.