No. 12114

IN THE SUPREME COURT OF THE STATE OF MONTANA

1972

---

GEORGE WILLIAM GAMMEL,

Plaintiff and Respondent,

-vs-

DOUGLAS STUART DEES,

Defendant and Appellant.

---

Appeal from: District Court of the First Judicial District,
Honorable Victor H. Fall, Judge presiding.

Counsel of Record:

For Appellant:

Harris, Jackson & Utick, Helena, Montana.
David L. Jackson argued, Helena, Montana.

For Respondent:

Risken and Scribner, Helena, Montana 59601.
John A. Risken argued, Helena, Montana 59601.

---

Submitted: June 20, 1972

Decided: JUL 1 8 1972

Filed: JUL 1 8 1972

*Thomas J. Kearney*
Clerk

Mr. Justice Wesley Castles delivered the Opinion of the Court.

This is an appeal from a judgment entered in favor of plaintiff. Plaintiff George Gammel brought this action (1) to recover the value of his 1960 Opel automobile, which was totally demolished as a result of an accident with the vehicle of defendant Douglas Dees, and (2) to recover for loss of use of his automobile. The district court of the first judicial district, Lewis and Clark County, sitting without a jury, entered judgment for plaintiff. The trial court found plaintiff was entitled to recover: (1) the sum of $350 for the value of his automobile and, (2) $400 for the loss of use of his vehicle. From this judgment defendant appeals.

This controversy arose from a two-car accident which occurred March 22, 1970, approximately seven miles east of Lincoln, Montana at the junction of U.S. Highway 200 and the Copper Creek Road. Defendant Dees was proceeding east on Highway 200, at approximately 70 miles per hour, when he noticed plaintiff's vehicle in front of him proceeding in the same direction at a slower rate of speed. Plaintiff Gammel testified he was traveling at about 25 miles per hour and his turn indicator was on, indicating that he intended to make a left turn off Highway 200 onto Copper Creek Road.

Dees slowed his car but when he was approximately two car lengths behind plaintiff's vehicle, he placed his left turn indicator on and proceeded to pass plaintiff. At about this time, plaintiff began making a left hand turn. Defendant's vehicle struck the left rear fender of plaintiff's automobile. Neither party was personally injured.

At the scene of the accident, Highway 200 has approximately a twenty foot wide blacktop surface with about three foot shoulders.

The Copper Creek Road, which is a dirt and gravel county road, intersects Highway 200 at a right angle, forming a T-shaped intersection. The evidence is undisputed that there are absolutely no highway department signs indicating the presence of the intersection. In addition, both plaintiff and defendant testified that the center line of Highway 200 was marked by a broken white line, which indicates that passing is permitted.

Both plaintiff and defendant were cited by the Montana Highway Patrol for violating state traffic laws. Defendant for passing at an intersection, and plaintiff for making an improper turn.

Evidence offered by plaintiff indicated that his vehicle was a total loss. The day following the accident, March 23, 1970, plaintiff purchased a replacement automobile which he used until the middle of May 1970, when he junked the replacement car. As a result of the loss of use of his car, plaintiff testified that his income was reduced from $130 per week to $40 per month. The trial court found that the loss of use had a value of $400.

Because plaintiff could not prove financial responsibility to the satisfaction of the Highway Patrol as he did not have funds to make a cash deposit nor automobile insurance, he was further inconvenienced by the loss of his driver's license. He did not recover his license to drive until after the judgment of the trial court, which completely vindicated him.

Two issues are presented on appeal.

1. Did the district court commit error in granting judgment for the plaintiff?

2. Did the district court err in awarding the sum of $400 for loss of use of plaintiff's automobile?

We find the district court did not commit error in granting judgment for plaintiff. The record is clear that defendant, traveling at a high rate of speed and observing a slow moving

- 3 -

vehicle ahead, did not do what a prudent person would have done or should have done under the circumstances. Prior to reaching the junction where the collision occurred, there are two signs that should place a careful driver on notice of possible danger. First, there is a "School Bus Stop" sign and, second, there is a forest service sign indicating "Copper Creek Road". Under such circumstances, defendant should have anticipated that the slow moving vehicle was going to turn and he should have reduced his speed in order to ascertain the intent of the preceding vehicle.

Both case law and sound reasoning support the trial court's findings. In Holland v. Konda, 142 Mont. 536, 542, 385 P.2d 272, 6 ALR3rd 824, this Court, after citing section 32-2167, R.C.M. 1947, relating to turns at intersections, said:

> "Appellant's contention seems to be that Kaighn violated this statute in turning left on the roadway when such movement could not be made with reasonable safety. The proof that it was not reasonably safe was the accident itself. This is reasoning backwards and the statute is not to be interpreted that strictly. The duty imposed on the driver of a car intending to turn right or left on the highway by this statute has not as yet been defined by this court. However, California with an almost identical statute * * * has interpreted it to mean that the person turning does not need to know with absolute certainty that it is safe, but merely that he must take reasonable precautions before turning. [Citing cases]. * * *
>
> "'We do not understand it to be the rule that a person is required to know that the turning movement can be made with safety. All that is required is that he take the precautions which a reasonably prudent person would take under the circumstances reasonably appearing to him at the time.'"

Defendant argues in his brief that plaintiff was guilty of contributory negligence which would bar any recovery. To support this contention he cites Bellon v. Heinzig, 347 F.2d 4, 7, (9th Cir. 1965); Summer v. Amacher, 150 Mont. 544, 550, 437 P.2d 630; and Faucette v. Christensen, 145 Mont. 28, 36, 37, 400 P.2d 883. We find that these cases are clearly distinguishable from

the instant case. In <u>Bellon</u> the court stated:

> "Bellon's argument is based upon the district
> court's statement that 'Section 32-2167, supra,
> places an <u>affirmative</u> duty on the person turning
> to determine that the turn "can be made with
> reasonable safety." Bellon clearly failed to
> comply with this requirement.'"

Here, the trial court found that plaintiff exercised proper care in executing his turn onto the Copper Creek Road. Under such circumstances, our review is confined to determining whether there was substantial credible evidence to support the trial court's finding. Summer v. Amacher, supra; Greenup v. Community Transit Co., 145 Mont. 39, 399 P.2d 418. We find that such substantial credible evidence existed, and the district court did not commit error in granting judgment for the plaintiff.

In <u>Summer</u> this Court held:

> "* * * that there is substantial credible evidence
> that Amacher was negligent, proximately causing the
> accident, in that he failed to signal for a left
> turn off the highway sufficiently in advance to make
> the turn with reasonable safety as required by statute,
> knowing of the presence of traffic behind him."

In the instant case ample evidence was introduced to prove that plaintiff was not negligent in making the turn onto Copper Creek Road. Plaintiff was traveling at a slow rate of speed. Although some conflict exists in the record as to whether plaintiff's turn indicator was operating at the time, this was a question to be resolved by the trier of the facts, and the trial court resolved this in favor of the plaintiff. We find no reason to reverse this determination.

In <u>Faucette</u>, action was brought against the defendant on the grounds that he was negligent as a matter of law in being on the left of the center while within 100 feet of an intersection in violation of section 32-2156, R.C.M. 1947. This Court there said:

"We note that in the Leach case, supra, this court in attempting to determine the meaning of 'intersection' found that the legislature meant those intersections 'publicly maintained.' Following the same type of reasoning, we hold that the prohibited intersection for passing under section 32-2156, is that intersection marked by the highway commission as authorized and adopted as heretofore described. Such reasoning gives meaning to all of the statutes heretofore cited and to regulations adopted thereunder.

"* * *

"In the instant situation, a driver can follow the directions of markings and signs, and in doing so is not in violation of section 32-2156."

Relying/on Faucette as authority, defendant argues that he did not violate section 32-2156, R.C.M. 1947, in following the directions of the broken white center line on Highway 200, and he was not negligent as a matter of law.

We do not believe this is the issue in the case before us. Defendant was found to be negligent in his attempt to pass a slow moving automobile with its turn signal indicating that a left turn was about to be executed. Defendant was traveling at a high rate of speed. These facts, standing alone, would show that defendant could be found to be negligent and the issue presented in Faucette is not in dispute here. Defendant was not negligent as a matter of law, but from the facts believed by the trier of fact, was found to be negligent in attempting to pass without any audible signal at a high rate of speed at a place where a prudent man would take reasonable precautions; and certainly would not pass against a turn signal operating on the vehicle ahead.

Defendant's second issue is whether the trial court erred in awarding the sum of $400 for loss of use of plaintiff's vehicle.

Plaintiff replaced his vehicle the day following the accident. He testified that he drove this replacement vehicle for approximately two months before junking it. Due to these facts we find plaintiff is not entitled to any amount for loss of use of

his vehicle. In Stahl v. Farmers Union Oil Co., 145 Mont. 106, 113, 399 P.2d 763, this Court said:

> "The general rule on damages is that the owner can recover for being deprived of the use of a damaged vehicle only for the period of time reasonably necessary in making repairs. [Citing cases] * * *

> "* * * damages for loss of use may not be limited to the market value of the vehicle but may include additional damages for loss of use during the period reasonably required for replacement."

Here, plaintiff replaced his demolished vehicle on the day following the accident, therefore the trial court was in error in awarding the sum of $400 for loss of use of the vehicle.

In his brief on appeal plaintiff-respondent urges this Court to dismiss the appeal based upon numerous extensions of time secured by defendant-appellant for filing his brief. Since the time for filing of appellant's brief was extended by this Court, we find no merit in respondent's request.

The cause is remanded to the district court with instructions that the final judgment be appropriately modified to comply with this opinion. Each party shall bear his own costs.

_____Wesley Castles_____
Associate Justice

We Concur:

_____James T. Harrison_____
Chief Justice

_____John Conway Harrison_____

_____Frank I. Haswell_____

_____Gen F. Daly_____
Associate Justices.

- 7 -